Plaintiff:
Kuegen Dwain Batts
PO Box 2000
Grand Junction, Co
81502

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
APR -9 2025
JEFFREY P. COLWELL
CLERK

Gene Lillard
Montrose County Bd Commissioners
Montrose County Sheriff's office
Montrose County Jail

# Civil Complaint

Whereas: Filing party, Kuegen Dwain Batts, hereafter referred to as "Plaintiff" was held in custody for several months during 2024 and was subsequently denied his rights of free exercise of religion. McElyea v. Babitt (833 F.2d 948) upheld that inmates have a right to food sufficient to sustain them in good health that satisfies dietary laws of religion. Plaintiff originally requested a vegetarian diet in compliance with his sincerely held religious belief that God does not want him to consume meat due to the amount of pain and suffering it causes another living being. He was then informed that the jail offers no special diets. Plaintiff then informed jail staff that they would only need to remove the main course and serve nothing but the vegetables, and they refused. The plaintiff then started to feel weak and lose weight and hair due to lack of food. He placed multiple requests (written and verbal) and eventually was told right before release that he needed to produce a written document showing vegetarianism was a requirement and proof from a local religious leader that I attended services. This is a violation of DeHart v. Horn (227 F.3d 47); Turner v. Safley (482 U.S. 78); LaFevers v. Saffle (936 F.2d 1117). Also see Thomas v. Review Bd. of Indiana Employment Security Division 450 U.S. 707, 715-16 (1981) "[T]he guarantee of free exercise is not limited to beliefs which are shared by all the members of a religious sect... [I]t is not within the judicial function and judicial competence to enquire [who has] more correctly practiced the commands of their faith." Jones v. Wolf, 443 U.S. 595, 602-06 (1979) "The First Amendment forbids ... courts from ... assessing the relative significance to the religion of the tenets." As well as Africa v. Pennsylvania, 662 F.2d 1025, 1030 (3d Cir. 1981) "Judges are not oracles of theological veracity, and the Founders did not intend for them to be declarants of religious orthodoxy."

Page 2

Plaintiff has reason to believe that the jail's policy regarding religious diets was made up as a way to bar his exercise of his religion, as no jail employee could show written policy. Plaintiff would also like to point out that the policy also creates an undue barrier for certain religions like buddism or any sect not represented in Montrose. As well as anyone from out of town or who was indigent, because they would not be able to contact those individuals except at personal expierience. These requirements violate the 14th Amendment, because of this plaintiff was also barred from getting copies of his kites and jail policy preventing him from filing suit whilst in custody.

Jurisdiction:

Plaintiff seeks relief from these actions under 42 U.S.C. § 1983. The defendants actions violated plaintiffs 1st, 8th, and 14th Amendments, as well as U.S.C. § 2000cc and 2000bb. Martinelli (817 F.2d 1304-05) shows that a genuine and sincere belief warrants constitutional protections. O'lone v. Shabazz (482 U.S. 342) "Inmates clearly retain protections afforded by the First Amendment ... including its directive that no law shall prohibit the free exercise of religion." The court also has jurisdiction over individual employees as well as the institutions as they have no qualified immunity under Bass v. Coughlin (976 F.2d 98). The jail also refused to give any access to the courts and refused to give copies of kites. During his stay the plaintiff was not allowed chaplan visits and lost over 20 pounds due to lack of food. He was given a bowl of oatmeal, a serving of vegetables as a side and two cheese

Page 3

sandwiches for dinner every day during his stay. On his intake the plaintiff was also left in a restraint chair for over 4 hours without food or water when he was first brought to jail in violation of state law and guidelines, which is a form of cruel and unusual punishment in violation of the 8th Amendment. The jail staff also violated right to privacy by forcing plaintiff to conduct attorney calls over an open line and while in the presence of officers. The plaintiff was also assaulted by an officer while changing, who had no body camera on in violation of state law. The official determination was that the kick he received while his back was turned was justified and the plaintiff was denied an appeal of the review and was not allowed to press charges. The plaintiff is seeking relief for the pain & suffering he experienced from being forced to choose between his health and his devotion to God. The feeling of shame he was made to feel was compounded when his hair started falling out towards the last few weeks. The plaintiff would also like it noted that there was a rumored incident involving the jails not providing diabetic diets leading to a female inmates hospitalization and death. Also due to the nature of it being a jail the likelyhood of their being other individuals who have suffered yet have been stymied in their complaints is high. The plaintiff would also like it noted that the majority of people in the jail are considered innocent and the original charges the plaintiff was held on were all dropped. The plaintiff will be seeking puntative as well as damages from pain and suffering. Plaintiff reserves all rights and motions associated with complaint. as

Hugan Duain Batts

Date 3/21/25